LEMUEL P. YERGER *v.* TOWN OF GREENWOOD.

MUNICIPALITIES.  *Change of boundaries.  Appeal to circuit court.  Code 1892, §§ 2912a, 2913.   Ib., § 79.*

    Upon appeal to the circuit court from the judgment of the municipal authorities changing the boundaries of a municipality, under §§ 2912a, 2913, code 1892, authorizing such a proceeding, the trial is *de novo,* and there is no necessity for a bill of exceptions embodying the evidence upon which the judgment appealed from was rendered.  Code 1892, § 79, has no application to such case.

FROM the circuit court of Leflore county.
HON. F. A. MONTGOMERY, Judge.

The municipal authorities of the town of Greenwood, on the 9th day of September, 1897, acting under code 1892, § 2912a, passed an ordinance extending the corporate limits. On the 8th of October of that year, before the ordinance became operative under  § 2914, code 1892, the appellant, Yerger, whose property was brought into the town by the ordinance, prosecuted an appeal therefrom to the circuit court. When the case reached the circuit court the appellee, town of Greenwood, moved to dismiss the appeal to that court because there was no

bill of exceptions in the record. The court below sustained the motion, and Yerger appealed from the judgment of the circuit court to the supreme court.

*Frank Johnston,* for appellant.

The only question presented in this case is whether the pro-·ceedings in respect to the appeal to the circuit court from the action of the mayor and board of aldermen .of the town of Greenwood are governed by §§ 2912*a* and 2913 or § 79, code 1892.

The proposition which I will present to the court is that § 79 is a general statute, regulating appeals generally from the action of boards of supervisors, and of the municipal authorities of cities, towns and villages. Its provisions apply to and govern ordinary appeals; and that §§ 2912*a* and 2913 are special statutes relating to and governing this special class of appeals. These statutes are to be construed together, and thus construed they are not in conflict, but are strictly harmonious, applying, as they do, to different subjects.

Section 2912*a* of the code created a new right, viz., the right of an appeal from the action of a municipal board in expanding or contracting the territorial limits of the municipality, and §§ 2912*a* and 2913 prescribe the mode and manner in which the remedy is to be pursued.

It must be availed of within thirty days, the bond must be in the sum of $200, and the appeal must be tried upon an issue to be made up in the circuit court, and not upon an issue made up before the board. This issue is defined by the statute, and *ex necessitate rei* means that the whole inquiry is open and to be tried *de novo.*

When a statute has created a new right, and also prescribed a remedy for the enjoyment of the right, he who claims the right must pursue the statute remedy. 7 Lawson on Rights, Remedies and Practice, p. 5931, sec. 3777; *Reddick* v. *Governor,* 1 Mo., 177; *People* v. *Craycroft,* 2 Cal., 243; *Smith* v.

*Drew*, 5 Mass., 516; *Russell* v. *Turnpike Co.*, 13 Bush (Ky.); *Bassett* v. *Carleton*, 32 Maine, 553.

L. P. *Yerger*, on same side..

If an affirmative statute which is introductory of a new law, direct a thing to be done in a certain manner, then the thing shall not, even though there are no negative words, be done in any other manner. Dwarris on Statutes, 641; *Brown* v. *Beatty*, 34 Miss., 243; 23 Am. & Eng. Enc. L., 143, note 12. *Expressio unius est exclusio alterius.*

Chief Justice Peyton, in delivering the opinion of the court in *Koch* v. *Bridges*, 45 Miss., 260, says: "Negative words will make a statute imperative, and it is apprehended affirmative may, if they are absolute, explicit and peremptory, and show that no discretion is intended to be given." Dwarris on Stat., 228. Affirmatives in statutes that introduce new laws imply a negative of all that is not in purview; so that a law directing a thing to be done in a certain manner, implies that it shall not be done in any other manner. *United States* v. *Purals*, 1 Paine, 406, and 6 Dane's Abr., 591-593.

The construction which was placed on § 2912*a*, code 1892, by the court below, is manifestly unjust and unreasonable, and has the effect of depriving a person of his property or rights without due process of law, and without a hearing.

The construction which the appellant contends for is consonant with reason and justice, and the constitutional safeguard of the person and his property is a protection from unreasonable, arbitrary and unjust encroachment.

Section 2912*a* expressly provides what shall be done in order that an appeal may be taken to the circuit court, and in that statute all the necessary requirements are stated; and if the legislature had intended that § 79 of the code should be construed as a part of § 2912*a*, it would have added a proviso to that effect. But if such a proviso had been added, it would have been worthless and unconstitutional, as it would have the

effect to give the board of mayor and aldermen jurisdiction over persons and subjects without due course of law, and without requiring their presence.

*Rush & Gardner,* for appellee.

By reference to § 2912*a*, code 1892, under which this suit arose, it will be noted that nothing is said as to how the appeal shall be made up—that is, what papers and records shall be sent up to the circuit court. Nothing is said in the statute as to what the mayor, shall do after the bond is filed. The statute is silent as to this, evidently leaving the question of the record of the appeal to be made up in accordance with the requirements of § 79, code, which provides how appeals from the judgment of municipal authorities may be taken. In the absense of any provision in the chapter on municipalities as to what shall be done on appeal, we submit that we must look to the general statute governing appeals as to what shall be done, and who shall prepare the necessary papers and records for the appeal. The failure of the statute to make provision, or to say what shall be done after the bond for the appeal is filed, is certainly suggestive, if not conclusive, that it was intended, after appeal is taken, that the circuit court should be furnished with the evidence taken below, on which the action of the authorities was based—in other words, that the circuit court should deal with the case on appeal just as it was presented to the municipal authorities.

W̲HITFIELD, J., delivered the opinion of the court.

Sections 2912*a* and 2913, code 1892, create a new right, and provide, themselves, the remedy by appeal applicable thereto. Section 79 of code has no application, and no bill of exceptions was required. The trial in the circuit court on this appeal is *de novo* on the "issue there made up."

The new right provided by § 2912*a* is governmental in its nature—the right to extend boundaries—and unlike the cases

provided for in § 79, which contemplate the presence of both parties, a hearing as on a claim propounded, an appeal, with bill of exceptions "embracing the facts and decisions" of the municipal board, and a trial in the circuit court by that court "as an appellate court."

Judgment reversed, and cause remanded for trial.